[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13323
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cv-00090-HLM

NELSON FAIN CARVER,

Plaintiff-Appellant,

versus

DEPUTY JOSHUA NELSON,

Defendant-Appellee,

SHERIFF CLARK MILLSAP, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 13, 2017)

Before MARCUS, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Nelson Carver, a prisoner proceeding pro se, appeals the district court's grant of summary judgment to Bartow County Sheriff's Deputy Joshua Nelson on his claim of excessive force in violation of the Fourth Amendment.  On appeal, Carver argues that: (1) the district court erred when it determined that his claim was barred under Heck v. Humphrey, 512 U.S. 477 (1994); and (2) the district court erred when it determined that there were no genuine issues of material fact and determined, in the alternative, that Deputy Nelson was entitled to qualified immunity as to the claims against him in his individual capacity.  After thorough review, we affirm.

We review the district court's grant of summary judgment de novo, using the same legal standards as the district court.  Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1063 (11th Cir. 2013).  At summary judgment, the court must draw all reasonable inferences in favor of the nonmovant, should not weigh the evidence, and should refrain from making credibility determinations about competing affidavits.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150-51 (2000).  The court can credit uncontradicted and unimpeached evidence supporting the movant if that evidence comes from disinterested witnesses.  Hinson v. Clinch County, Ga. Bd. of Educ., 231 F.3d 821, 827 (11th Cir. 2000).

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  Griffin v.

2

City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).  In Heck v. Humphrey, the Supreme Court held that a § 1983 suit for damages must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  512 U.S. 477, 487 (1994).  The damages action should not be dismissed, however, if the action (even if successful) would not demonstrate the invalidity of any outstanding criminal judgment.  Id.  As long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not Heck-barred.  Dyer v. Lee, 488 F.3d 876, 879-80 (11th Cir. 2007).  For Heck to apply, it must be the case that a successful § 1983 suit and the underlying conviction would be logically contradictory.  Id. at 884.  It is possible for an excessive-force claim and a conviction involving assault to coexist because resisting law enforcement does not invite the police to "inflict any reaction or retribution they choose."  Id. (quotation omitted).

In this case, the district court did not err when it determined that Carver's claim was barred by Heck because the claim necessarily implies the invalidity of his aggravated assault conviction.  Although it is possible for an assault conviction and an excessive-force claim to coexist, that is not the case here.  In his § 1983

3

damages action, Carver alleged that Deputy Nelson shot at him first and attempted to murder him, even though he was completely non-threatening and compliant. As for the underlying conviction, however, Carver pleaded guilty to aggravated assault on Nelson by firing a rifle and handgun in his immediate presence while he was engaged in the performance of his official duties. If Carver was completely non-threatening and compliant when Deputy Nelson shot at him first, as alleged in his § 1983 complaint, he could not have also committed an aggravated assault on Nelson by firing at him, as he admitted in his plea. Thus, if Carver's § 1983 claim was successful, it would logically contradict the underlying conviction and would necessarily imply the invalidity of his conviction. See Heck, 512 U.S. at 487; Dyer, 488 F.3d at 884. And while Carver says that he has an ongoing state habeas corpus proceeding related to his guilty plea, he has not shown that his conviction has been invalidated to the extent that his § 1983 claim would not be contradictory. See Heck, 512 U.S. at 487.

Because we conclude that the district court correctly determined that Carver's claims were barred under Heck, we decline to consider whether the district court erred in concluding that Deputy Nelson was entitled to qualified immunity as to the claims against him in his individual capacity.

**AFFIRMED**.

4